**Felipe De Jesus GARCIA–JIMENEZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

**No. 04–71900.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2006.*

Filed May 12, 2006.

Samuel U. Ogbu, Emeziem & Ogbu, LLP, Emeryville, CA, for Petitioner.

CAS–District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Josh Braunstein, Washington, DC, for Respondent.

Before: LAY,** KLEINFELD, and SILVERMAN, Circuit Judges.

### MEMORANDUM ***

Felipe Garcia–Jimenez appeals the Board of Immigration Appeals' ("BIA") decision denying him relief under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994) (repealed 1996). Garcia–Jimenez also alleges the Immigration Judge ("IJ") violated his constitutional rights when he admitted, and relied upon, hearsay evidence at the removal hearing.

We lack jurisdiction to review the IJ's § 212(c) ruling. Two statutory provisions—8 U.S.C. §§ 1252(a)(2)(B)(ii) and 1252(a)(2)(C)—each divest this court from exercising jurisdiction to hear this claim. Section 1252(a)(2)(B)(ii) precludes courts of appeal from reviewing certain discretionary rulings, including § 212(c) orders. *See* § 1252(a)(2)(B)(ii). Section 1252(a)(2)(C) forecloses appellate review because petitioner was charged as "removable" under 8 U.S.C. § 1227(a)(2)(B)(i) for his 1993 controlled substance conviction. *See* § 1252(a)(2)(C).

Garcia–Jimenez next argues the IJ violated his procedural due process rights when he admitted, and relied upon, hearsay evidence at the removal hearing. Once again, however, we lack jurisdiction to hear this claim because 8 U.S.C. § 1252(d)(1) "mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).[1] Garcia–Jimenez failed to raise his due process claim in either his Notice of Appeal or in a timely brief to the BIA and, therefore, he has failed to exhaust his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We have recognized an exception to this doctrine where petitioner alleges a due process claim that involves more than a mere procedural error that the BIA could have remedied. *Barron*, 358 F.3d at 678. Here, Garcia–Jimenez's alleged procedural due process error is the precise type of violation that could have been addressed and corrected by the BIA. Therefore, the exhaustion exception does not apply to this case.

administrative remedies for purposes of § 1252(d)(1).

**PETITION FOR REVIEW DENIED.**